IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARQUITA BUTLER<br>Baltimore County, MD 21225[1]<br><br>*On Behalf of Herself and On Behalf of Others Similarly Situated*<br><br>Plaintiff,<br><br>v.<br><br>PP&G, INC.<br>d/b/a NORMA JEAN'S NIGHTCLUB<br>10 Custom House Avenue<br>Baltimore, Maryland 21202<br>Serve: Registered Agent<br>Peter A. Prevas<br>231 East Baltimore Street, Suite #702<br>Baltimore, Maryland 21202<br><br>and<br><br>GARRETT M. MILLION<br>Manager of Norma Jean's Nightclub<br>10 Custom House Avenue<br>Baltimore, Maryland 21202<br><br>Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§<br><br>Civil Action No.: 20-3084 |

## CLASS ACTION COMPLAINT AND JURY DEMAND

### I. SUMMARY

1.  Defendant PP&G, Inc. d/b/a Norma Jean's and individual Defendant Garrett M. Million (hereinafter "Defendants"), required Plaintiff Marquita Butler (hereinafter "Plaintiff") to

---

[1] While addresses are typically included in complaints in civil cases, there is no statute or rule-based requirement for a represented party to supply a home address. *Brannam v. Fid. Direct Mortg., LLC*, No. CV DKC 18-3306, 2019 WL 2642832, at *2 (D. Md. June 27, 2019). Plaintiff prefers to only list her county of residence for fear of retaliation.

1

work as an exotic dancer at their adult entertainment club but refused to compensate her at the applicable minimum wage.

2. Defendants misclassified dancers, including Plaintiff, as independent contractors. Defendants failed to compensate Plaintiff according to the mandates of Federal and Maryland state wage and hour laws. Further, Defendants wrongfully withheld wages owed to Plaintiff and those similarly situated through a system of fines and fees that reduced the dancers' earning capacity.

3. Specifically, Defendants required Plaintiff and all other exotic dancers to pay a fee to work at the club each day. Defendants required Plaintiff to share her tips with Defendants' employees who do not customarily receive tips outside of a valid tip pool. Defendants also levied fines against Plaintiff if she broke any of the club rules.

4. A United States District Court Judge for the District of Maryland, Judge Roger W. Titus in *Latoya Francis v. Ronald Hunt, et. al*. RWT 04-cv-637 on February 2, 2005, has already ruled as a matter of law that an exotic dancer is an employee as that term is used in the Fair Labor Standards Act and relevant Maryland and District of Columbia statutes. This case is no different.

5. As a result, Defendants failed to pay Plaintiff and all other members of the class and collective actions the minimum wage they were entitled to under the Federal Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Act ("MWPCL").

6. Plaintiff brings this class and collective action against Defendants seeking damages, backpay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## II.    SUBJECT MATTER JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

8. This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. §1367 because such claims do not raise novel or complex issues of state law, and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

9. Venue is proper in the District of Maryland because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants operate an adult entertainment club that is located in this District.

## III.    PARTIES AND PERSONAL JURISDICTION

10. Plaintiff Marquita Butler is an individual who resides in Baltimore County, Maryland. Her consent to this action is attached as Exhibit "A."

11. Opt-in Plaintiffs are current or former exotic dancers who have worked at Defendants' adult entertainment club within the applicable limitations period and will file a valid consent to join this suit with the Court.

12. The Rule 23 Class Members are all current and former exotic dancers who worked at Defendants' adult entertainment club at any time starting three years before this Complaint was filed, up to the present.

13. PP&G, Inc. is a Maryland for-profit corporation believed to be doing business as Norma Jean's in Baltimore, Maryland at the address 10 Custom House Avenue, Baltimore, MD, 21202. PP&G, Inc. may be served via its registered agent Peter A. Prevas at 231 East Baltimore Street, Suite 702, Baltimore, Maryland 21202.

14.     Garrett M. Million is a manager of Norma Jean's. He may be served at the physical address for Norma Jean's at 10 Custom House Avenue, Baltimore, MD, 21202 or wherever he may be found.

## IV.     COLLECTIVE AND CLASS ALLEGATIONS

**A.     FLSA Class Members**

15.     Named Plaintiff has actual knowledge that the putative FLSA Class Members have also been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other dancers who worked at Norma Jean's.

16.     As such, Plaintiff has first-hand personal knowledge of the same pay violations at Norma Jean's for other dancers. Furthermore, other exotic dancers at Defendants' establishment have shared with Plaintiff similar pay violation experiences, including wage and tip confiscations, like those described in this complaint.

17.     Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three years prior to the commencement of this action to present.

18.     FLSA Class Members perform or have performed the same or similar work as Plaintiff.

19.     FLSA Class Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

20.     As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of minimum wage.

21.     Defendants' failure to pay for all hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the

4

personal circumstances of the FLSA Class Members.

22. The experience of Plaintiff, with respect to her pay, is typical of the experiences of the FLSA Class Members.

23. The specific job titles or precise job responsibilities of each FLSA Class Member do not prevent collective treatment.

24. All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

25. Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

26. As such, Plaintiff brings her FLSA claims as a collective action on behalf of the following class:

> **All current and former exotic dancers who worked for Defendants at any time starting three years before this lawsuit was filed up to the present.**

**B.    Rule 23 Class Action**

27. Plaintiff and the Maryland Class Members incorporate all preceding paragraphs as though fully set forth herein.

28. Maryland has two wage enforcement laws, the MWHL and the MWPCL. The MWHL aims to protect Maryland workers by providing a minimum wage standard. The MWPCL requires an employer to pay its employees regularly while employed, and in full at the termination of employment. Read together, these statutes allow employees to recover unlawfully withheld

5

wages from their employer, and the statutes provide an employee two avenues to do so. *Peters v. Early Healthcare Giver, Inc*., 97 A.3d 621, 624–25 (Md. 2014).

29. Defendants willfully violated Md. Code Ann. Lab. & Emp. § 3-413 and refused to pay dancers minimum wages.

30. Defendants willfully violated Md. Code Ann. Lab. & Emp. § 3-503 and refused to timely pay dancers minimum wages.

31. Defendants willfully violated Md. Code Ann. Lab. & Emp. § 3-504 and withheld wages, including wages confiscated via forced tip outs and house fees.

32. Plaintiff brings her MWHL and MWPCL wage claims as a Rule 23 class action on behalf of the following class:

> **All current and former exotic dancers who worked for Defendants at any time starting three years and two weeks before this lawsuit was filed up to the present.**

33. Numerosity. The number of members in the Maryland Class is believed to exceed 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Maryland Class as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the Maryland Class may be determined from Defendants' employment files, as will the compensation paid to each of them if any. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Maryland Class and Defendants.

34. Typicality. Plaintiff's claims are typical of the Maryland Class because like the members of the Maryland Class, Plaintiff was subject to Defendants' uniform policies and practices and was compensated in the same manner as others in the Maryland Class. Defendants failed to pay non-exempt employees who worked at the club minimum wage for all of their hours

6

worked. Plaintiff and the Maryland Class have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices which failed to comply with Maryland law.

35. <u>Adequacy</u>. Plaintiff is a representative who will fairly and adequately protect the interests of the Maryland Class because it is in her interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Maryland law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the Maryland Class they seek to represent.

36. <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

    a. Whether Defendants failed to pay Plaintiff and the Maryland Class minimum wage for all hours worked.

    b. Whether Defendants took wages and tips from dancers to run their business in violation of Maryland Wage Laws.

    c. Whether Defendants required dancers to pay a fee referred to as a "house fee" or "rental" fee in order to work at the establishment.

    d. Whether Defendants restricted dancers' ability to work by placing rules and standards upon them in order to govern how they performed their work.

    e. Whether Defendants had knowledge of their requirement to pay dancers minimum wage according to state and federal law.

37. The common issues of law include, but are not limited to:

    a. Whether Defendants improperly classified Plaintiff and the Maryland Class

        as independent contractors;

    b.    Whether Plaintiff and the Maryland Class are entitled to compensatory damages;

    c.    The proper measure of damages sustained by Plaintiff and the Maryland Class; and

    d.    Whether Defendants' actions were "willful."

38. <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the Maryland Class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Maryland Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

39. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Maryland Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. The identity of members of the Maryland Class is readily identifiable from Defendants' records.

40. This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on the Defendants to prove it properly compensated its employees; and (3) the burden is on the Defendants to accurately record hours worked by employees.

41. Ultimately, a class action is a superior forum to resolve the Maryland claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the Maryland Class according to applicable Maryland laws.

42. <u>Nature of notice to be proposed</u>.  As to the Rule 23 Class, it is contemplated that notice would be issued allowing putative class members an opportunity to opt out of the class if they so desire, i.e. "opt-out notice."  Notice of the pendency and resolution of the action can be provided to the Maryland class by mail, electronic mail, print, broadcast, internet and/or multimedia publication.

## V.   COVERAGE

43. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

44. The Fair Labor Standards Act defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee."  29 U.S.C. § 203(d).

45. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

46. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.

47. Manager Garrett M. Million is an employer under the FLSA because he, as the manager of the club, 1) has the power to hire and fire the dancers and other employees, 2) supervises and controls employee work schedules or conditions of employment, and 3) is the individual responsible for maintaining employment records.

48. At all material times, Plaintiff and FLSA Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

49. At all material times, Plaintiff and the Maryland Class Members were employees of Defendants under the MWHL and MWPCL.

## VI.　FACTS

50. Defendants operate an adult entertainment club in Baltimore, Maryland under the name of "Norma Jean's Nightclub" (hereafter "Norma Jean's").

51. Plaintiff previously worked as an exotic dancer at Defendants' adult entertainment club during the statutory time period afforded under the FLSA.

52. Plaintiff worked on a regular basis for Defendants' establishment located in Baltimore, Maryland. Plaintiff consistently worked at the Club from March 2019 until August 2019.

53. Plaintiff worked about five to six shifts per week, and each shift lasted seven hours. Therefore, on average, she worked at least 35 hours per week.

54. Plaintiff never received any wages during her employment with the club.

55. During at least one workweek between March 2019 and August 2019, Defendants did not pay Plaintiff the federally mandated minimum wage.

56. Plaintiff, FLSA Class Members, and Maryland Class Members were classified by Defendants as independent contractors.

57. Plaintiff, FLSA Class Members, and Maryland Class Members were compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay them whatsoever for any hours worked at their establishment.

58. On a typical shift, Plaintiff and other exotic dancer employees actually paid Defendants, through fines, fees, and charges, approximately $60 to $65 or more per shift. The fines and fees paid by Plaintiff and other exotic dancer employees to Defendants included a mandatory "tip-in" and/or "tip out" to Defendants – mandatory monies paid directly to Defendants' other workers including the DJ, House Mom, or Valet. Plaintiff Butler typically tipped $10 to the DJ, $15 to the valet, and $40 to the house mom.

59. Furthermore, Defendants charged Plaintiff, FLSA Class Members, and Maryland Class Members a fee each time they arrived to work a shift. In other words, they had to pay to work at the club and sometimes completed a full shift only to owe club money. This practice happened to Plaintiff and she was required to pay such a fee regularly from the start to the end of her employer at Norma Jean's in 2019.

60. Plaintiff and other exotic dancer's earnings from performing dances were reduced based upon Defendants' unilaterally determined division of earnings from tips received from customers for each performance of private and semi-private dances. For example, if a customer wanted a lap dance from Plaintiff, it cost $25. The Defendants would get $5, and then Plaintiff would keep $20. Plaintiff typically performed about 7 to 8 lap dances per shift.

61. Plaintiff and other exotic dancers' earnings were also reduced further when Defendants would arbitrarily levy fines for allegedly breaking any of Defendants' imposed rules.

62. The money received by the club after a shift of dance performances was not included in Defendants' gross sales receipts and was not disbursed in any way as wages to any workers.

63. Defendants illegally classified the dancers as independent contractors. However, at all times, Plaintiff, FLSA Class Members, and Maryland Class Members were employees of

11

Defendants under both Federal and State Law. At all times, Defendant required Plaintiff and other exotic dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendants.

64. Defendants hired/fired, issued pay, supervised, directed, disciplined, and performed all other duties generally associated with that of an employer concerning the dancers.

65. The following non-exhaustive list of policies and procedures actually implemented further during the relevant statutory period demonstrates the dancers' status as employees:

a. Defendants make dancers pay a house fee to enter the club and work a shift;

b. Defendants unilaterally make the decision not to pay wages to dancers in accordance with the applicable laws;

c. Defendants set the price for private dances at the club and kept a portion of the dance revenue for themselves;

d. Defendants provide the dancers with music, stages, poles, and other tools to perform dances; the dancer only provides her own body;

e. Defendants mandate that dancers tip other club employees including the DJ, Valet and House Mom;

f. Dancers are required to tip the DJ whether they get on stage or not;

g. Dancers are required to have a partner to dance on stage Thursday-Sunday;

h. Dancers must switch out their $1 bills given to them as tips by customers for larger bills throughout the night, as well as at the end of every shift;

i. Defendants require dancers to keep their outfit on during lap dances;

j. Dancers are not allowed to ask a customer to pay for more than four lap dances up front;

    k.    Defendants issue points to the dancers if they fail to follow Defendants' guidelines or directions; accruing points can result in suspension or termination;

    l.    Defendants maintain the premises – including the stages, and a state-of-the-art audio set up;

    m.    Defendants hire all employees of the club – the dancers, DJ's, bouncers, managers, and employ dozens of dancers at one time;

    n.    Defendants employ many dancers, including the named Plaintiff, for several months or years;

66.    Defendants misclassified Plaintiff, FLSA Class Members, and Maryland Class Members as independent contractors to avoid Defendants' obligation to pay them pursuant to the FLSA and Maryland laws.

67.    Plaintiff and the Class Members constituted the workforce without which Defendants could not perform their services.

68.    Plaintiff, FLSA Class Members, and Maryland Class Members are not exempt from the minimum wage and overtime requirements under the FLSA and applicable Maryland laws.

69.    Defendants' method of paying Plaintiff and Class Members in violation of the FLSA is willful and is not based on a good faith and reasonable belief that their conduct complied with the FLSA or Maryland laws.

70.    Defendants have been sued for the same or similar alleged wage and hour violations.

71.    Therefore, the Defendants have knowledge of the FLSA and Maryland wage law requirements.

72. Defendants misclassified Plaintiff and Class Members with the sole intent to avoid paying them in accordance with the FLSA. There are numerous published federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

## VII. CAUSES OF ACTION
### COUNT I:
### Failure to Pay Minimum Wages and Wages Due (Collective Action)

73. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

74. Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

75. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 206(a)(1), and Defendants was her "employer." Defendants, as Plaintiff's employer, was obligated to compensate Plaintiff for all hours worked at an hourly rate not less than the Federal Minimum Wage.

76. At all times relevant, Defendants paid Plaintiff nothing for all hours worked. In fact, when the deductions and withholdings that Defendants took from Plaintiff are factored in, Defendants paid Plaintiff less than nothing for hours worked each week.

77. Defendants' willful practice of failing to pay Plaintiff and FLSA Class Members at the required minimum wage rate violates the FLSA and was not based in good faith. 29 U.S.C. § 206.

78. The FLSA requires that Defendants allow Plaintiff and FLSA Class Members to keep all tips and gratuities received from customers. As set forth above, Defendants failed to pay Plaintiff and FLSA Class Members at hourly rates in compliance with the Federal Minimum Wage requirements.

79. Without legal excuse or justification, Defendants kept and/or assigned to management tips and gratuities received by Plaintiff and FLSA Class Members and belonging to Plaintiff and FLSA Class Members.

80. As also alleged above, Defendants' practice of collecting a house fee charge from the dancers like Plaintiff also violates the law.

81. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate apply to the Defendants or the Plaintiff and Class Members.

### COUNT II:
### Unlawful Tip Sharing (Collective Action)

82. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

83. As set forth above, Defendants' failure to allow their exotic dancers to retain all their tips by requiring them to "tip out" employees who do not customarily and regularly receive tips violates the Fair Labor Standards Act, 29 U.S.C. § 203(m).

84. Taking tips outside of a valid tip pool, or generally passing onto employees the cost of doing business is illegal under the FLSA.

85. Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b).

### COUNT III:
### Violation of Maryland Wage Payment and Collection Law ("MWPCL") and Maryland Wage and Hour Law "MWHL"):
### Failure to pay minimum wage
### (Class Action)

86. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

87. Plaintiff was an "employee," and Defendants were her "employer" within the meaning of the MWPCL §§ 3-501, et seq.

15

88. Under MWPCL § 3-505 and Md. Code Ann., Lab. & Empl. § 3-402 and Md. Code Ann., Lab. & Empl. § 3-413, Defendants, as Plaintiff's employers, were obligated to pay Plaintiff minimum wage for work that Plaintiff performed.

89. As "employers" for Plaintiff and other exotic dancers, Defendants were obligated to pay them wages at least equal to the Maryland minimum wage. For the relevant time period, the Maryland Minimum Wage was as follows:

    a. As of July 1, 2017, $9.25 per hour;

    b. As of July 1, 2018, $10.10 per hour;

    c. As of January 1, 2020, $11.00 per hour.

90. As set forth above, while working for Defendants, Plaintiff and other exotic dancers worked many hours for which Defendants failed and refused to properly compensate Plaintiff and other exotic dancers as required by the MWPCL and MWHL for all hours worked.

## COUNT IV:
### Violation of Maryland Wage Payment and Collection Law:
### Unauthorized withholding of wages
### (Class Action)

91. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

92. Plaintiff was an "employee," and Defendants were her "employer" within the meaning of the MWPCL §§ 3-501, et seq.

93. The Maryland Wage Payment and Collection Law provides that employers must pay all wages earned by the employee following termination of employment. Failure to pay wages due to an employee under the provisions of the Maryland Wage Payment and Collection Law subjects the employer to a penalty of three times the amount due to the employee, plus attorney fees and costs.

94. As set forth above, Defendants withheld wages, and required the Plaintiff and other exotic dancers to "tip out" other club employees, pay rental fees, and subjected them to fines if club rules were broken.

95. These deductions and withholdings made by Defendants were never authorized by Plaintiff.

96. Defendants' taking of deductions and withholdings from Plaintiff's pay resulted in a failure to pay Plaintiff all wages due and promised for worked performed as required by the MWPCL.

97. Defendants' unlawful and unauthorized withholding of wages belonging to Plaintiff and other exotic dancers constitutes a failure by Defendants to pay Plaintiff and other exotic dancers all wages due on time and as required for work performed as mandated by the MWPCL.

98. Defendants' unlawful and unauthorized withholding of wages belonging to Plaintiff and other exotic dancer employees constitutes a failure by Defendants to pay Plaintiff and other exotic dancers all wages due on time as mandated by the MWPCL.

99. Defendants' failure to pay Plaintiff all wages due for work performed and taking of unauthorized and unlawful withholdings and deductions from Plaintiff's pay was willful and intentional.

100. Defendants' failure to pay Plaintiff all wages due for work performed and taking of unauthorized and unlawful withholdings and deductions from Plaintiff's pay was not the result of any bona fide dispute between Plaintiff and Defendants and was not in good faith and done with actual malice.

101. Defendants made these deductions from Plaintiff's pay without any purpose or excuse allowable under MWPCL 3-503 and without written permission by Plaintiff. Defendants'

action of taking deductions from Plaintiff's wages was unlawful and constituted a violation of the MWPCL for which Defendant is liable to Plaintiff and Class Members as a matter of law.

### COUNT V:
### Unjust Enrichment (Class Action)

102. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

103. Due to the facts as pled above, Plaintiff and exotic dancers similarly situated conferred a benefit upon the Defendants. The Defendants have knowledge of the benefit conferred and continue to retain that benefit undeservedly. Defendants voluntarily accepted and retained such benefit, because Plaintiff worked for Defendants, Defendants permitted Plaintiff to work for them and their business, and because Defendants chose to maximize their and their business's profit at the expense of Plaintiff and Class Members.

104. It would be inequitable and unjust for Defendants to continue to retain the benefit, as Plaintiff and Class Members conferred a benefit on Defendants which Defendants kept for themselves.

### VIII.   DAMAGES SOUGHT

105. Plaintiff, FLSA Class Members, and Maryland Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage rate under state law and federal law.

106. Plaintiff, FLSA Class Members, and Maryland Class Members are also entitled to recover all of the money Defendants misappropriated, such as house fees, "tip outs," and wages taken after their performances for fines and fees.

107. An award of statutory liquidated damages in amounts prescribed by the FLSA and the MWHL. Md. Code Ann., Lab. & Empl. § 3-427.

108. An award of three times the amount of unpaid and improperly withheld and deducted

wages in amounts prescribed by the MWPCL. Md. Code Ann., Lab. & Empl. § 3-507.2.

109.   Prejudgment and post-judgment interest on unpaid back wages pursuant to the FLSA;

110.   An award of attorneys' fees and costs under the FLSA and the MWPCL.

## PRAYER FOR RELIEF

For these reasons, Plaintiff, FLSA Class Members, and Maryland Class Members respectfully request that judgment be entered in their favor awarding the damages requested above. Plaintiff also requests for such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

### Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

        Respectfully submitted,

        MELEHY & ASSOCIATES, LLC

        By: _____/s/_____
        Suvita Melehy
        MD Bar No.: 13068
        8403 Colesville Road Suite 610
        Silver Spring, Maryland 20910
        Telephone: (301) 587-6364
        Facsimile: (301) 587-6308
        e-mail: smelehy@melehylaw.com

        AND

        HODGES & FOTY, L.L.P.

        David W. Hodges
        Texas Bar No. 00796765
        *\*\*Seeking pro hac vice-admission*
        dghodges@hftrialfirm.com
        4409 Montrose Blvd., Suite 200
        Houston, TX 77006
        Telephone: (713) 523-0001
        Facsimile: (713) 523-1116

        ATTORNEYS FOR PLAINTIFF

Dated: October 23, 2020