UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARQUITA BUTLER, ET AL.

    *Plaintiff,*

    v.

PP&G, INC., *et al.,*

    *Defendants.*

Civil No. 1:20-CV-03084-JRR

**ORDER**

    The court has before it Plaintiffs' Motion for Attorneys' Fees (ECF No. 46; the "Motion") filed in connection with the Order at ECF No. 44, Defendants' response and Plaintiffs' reply. The court has carefully considered the factors set forth in *Johnson v. Georgia Hwy Express,* 488 F.2d 714 (5th Cir. 1974), to the extent they are reasonably applicable to the instant discovery dispute, the Declaration of William M. Hogg and Exhibit A thereto, as well as the memorandum in support of the motions papers submitted by Plaintiffs' counsel, and all other submissions of the parties relative to the Motion. No hearing is necessary. Local Rule 105.6 (D. Md. 2021).

    The court finds that Plaintiffs' requested billing rates are infinitely reasonable. The hourly rates of Messrs. Wallace and Goldsmith are within the rage set forth in Appendix B to the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases (Local Rules, D. Md. 2021) and, therefore, are presumptively reasonable. (Defendants do not object to their rates for this same reason.) Although the $450 hourly rates of Messrs. Hogg and Mason fall outside the range set forth in Appendix B, the court finds these hourly rates well within reason. To begin, the Appendix B ranges were determined more than six years ago and, while surely helpful as a guide, are appreciably out of date in the opinion of this court. Further, Appendix B serves as a suggestive or helpful guide to the court, not a mandate. The rates requested for Messrs. Hogg and Mason have

been reduced well below their customary hourly rate of $672 for purposes of the Motion – despite the fact that their rates are in line with the $676 hourly rate computed under the nationally recognized Laffey Matrix – in recognition of the mean compensation and commensurately adjusted hourly rates of attorneys with a like number of years at the bar in the Baltimore metropolitan market.

The court also finds that the number of hours for which Plaintiffs seek an award of attorneys' fees, and the tasks undertaken during those hours, is not only reasonable, but conservative. The court notes that Plaintiffs have elected not to seek fees for all attorney time spent, but rather have downwardly adjusted their request to pertain only to that which was genuinely essential to achieve the desired outcome: discovery production by Defendants (or, at least, an order that discovery be produced).

The court has also considered the complexity and breadth of this action (a wage and hour class action) and the experience and expertise of Plaintiffs' counsel (in particular that of Messrs. Hogg and Mason) in this area of law, as well as the quality of work performed. The court finds that the distribution of work between and among Messrs. Hogg and Mason on the one hand and Messrs. Wallace and Goldsmith on the other, as well as review/supervision of such work, was reasonable and appropriate; and the court places additional emphasis on the election not to seek recovery for work performed by attorney David Hodges or law clerks. The billing practices and records of Hodges & Foty, LLP, appear reasonable, customary, contemporaneous with work performed, and reliable. In sum, the lodestar amounts set forth in the chart at page 12 of Mr. Hogg's Declaration are reasonable, appropriate, and acceptable to the court.

In opposition to the Motion, Defendants assert that Plaintiffs' request is "excessive," that $2,500 is "sufficient," and that "to the best of [counsel's] recollection" a few itemized phone calls

were shorter than Plaintiffs' counsel's contemporaneous billing records reflect.  Defendants do not submit for the court's consideration any contemporaneous records (be they attorney time sheets or bills, emails, or notes) to support these conclusions, and fail to address the detailed explanation and justification for Plaintiffs' counsel's requested rates, tasks undertaken and the time spent on those tasks.

In view of the foregoing, it is this <u>30th</u> day of September 2022

**ORDERED** that the Motion shall be, and is hereby, **GRANTED;** and further it is

**ORDERED** that Defendant shall pay to Plaintiffs' counsel for the benefit of Plaintiffs $6,731.00 in attorneys' fees within forty-five (45) days of the entry of this order.

/S/

_____
Julie R. Rubin
United States District Court Judge