IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARQUITA BUTER, On Behalf of Herself and On Behalf of Others Similarly Situated, | * |
| | * |
| Plaintiff | * |
| V. | *   Civil Action No:   1:20-CV-03084-JRR |
| PP&G, INC. *d/b/a* Norma Jean's Nite Club, *et al* | * |
| | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**OBJECTION OF DEFENDANT PP&G, INC. TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DATED MAY 22, 2023**

PP&G, Inc., one of the Defendants, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5b notes an objection to the report and recommendation of United States Magistrate Judge Brendan A. Hurson entered on May 22, 2023, and states:

### Objections

I. Judgment Should be entered against Defendant PP&G, Inc. only.

1. PP&G, Inc. is the only Defendant that judgment should be entered against.

2. The original Complaint in this action was filed against Defendants PP&G, Inc. and Garrett Million.  Defendant PP&G, Inc. was properly served and filed an answer to the Complaint.  In the Answer filed on November 20, 2020, Defendant PP&G, Inc. made it known that Garrett Million had been deceased for quite some time.  Neither Garrett Million nor his Estate were served with a Summons and Complaint and neither filed an Answer to Complaint.

3. On February 14, 2022 Plaintiffs filed a Second Amended Complaint, adding as additional Defendants Peter Ireland and Lisa Ireland.  Neither Peter Ireland nor Lisa Ireland

were ever served with a Summons and Complaint and neither filed an Answer to Complaint. Interrogatories and Requests for Production of Documents were never propounded to Defendants Peter Ireland or Lisa Ireland.  The Motion for Sanctions Pursuant to Rule 37 was filed against Defendant PP&G, Inc. only and the Order of Default Judgment applied only to Defendant PP&G, Inc.

    4.  Magistrate Judge Hurson's Report and Recommendation Dated May 22, 2023 is unclear whether it was intended to apply to all Defendants or solely against Defendant PP&G, Inc.  To the extent that the Report and Recommendation Dated May 22, 2023 recommends a Judgment against all Defendants, Defendant PP&G, Inc. notes its objection that the only Defendant that the court had personal jurisdiction and that the only offending Defendant is Defendant PP&G, Inc.

    5.  Counsel for Defendant PP&G, Inc. gives notice that on May 22, 2023, the same day as the issuance of the Report and Recommendation, Peter Ireland died.  Counsel has not yet been provided with a death certificate.

    WHEREFORE, Defendant PP&G, Inc. requests that its Objection to the Report and Recommendation of United States Magistrate Judge Dated May 22, 2023 be sustained and that Judgment be entered against Defendant PP&G, Inc. only.

/s/ PETER A. PREVAS  
Bar No: 11564  
Prevas and Prevas  
309 North Charles Street  
Suite 200  
Baltimore, MD 21201  
410-752-2340-phone  
410-332-0474-fax  
prevasandprevas@verizon.net  
Attorney for Defendant PP&G, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of June 2023, I mailed first class, postage prepaid and/or efiled a copy of the foregoing Objection of Defendant PP&G, Inc. to Report And Recommendation Of United States Magistrate Judge Dated May 22, 2023 to David W. Hodges and William M. Hogg, Esquire Hodges & Foty, LLP, 4409 Montrose Boulevard, Suite 200, Houston, TX 77006 and Suvita Melehy and Andrew G. Balashov, Esquire, Melehy & Associates, LLC, 8403 Colesville Road, Suite 610, Silver Spring, MD 20910, Attorney for Plaintiffs.

/s/ PETER A. PREVAS