UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARQUITA BUTLER, ET AL.

   *Plaintiff,*

v.

PP&G, INC., ET AL.*,*

   *Defendants.*

Civil No. 1:20-CV-03084-JRR

**ORDER**

The court has before it United States Magistrate Judge Brendan A. Hurson's Report and Recommendation in the form of a Letter to All Counsel at ECF No. 69 ("Report and Recommendation") recommending the court award damages of $1,134,364.22 in favor of Plaintiffs and against Defendants, and that Plaintiffs submit a fee petition per Local Rule 109.2 within fourteen (14) days of this order.

Defendant PP&G, Inc., filed a timely objection to the Report and Recommendation (ECF No. 70), raising a single objection as to the entry of an order awarding damages in favor of Plaintiffs and against any of the individual Defendants (Garrett Million, Peter Ireland, and Lisa Ireland) on the basis that no individual Defendant was ever served or otherwise participated in this action as a party. The court notes that at the time of the Second Amended Complaint (which added the Irelands as Defendants), Mr. Million was deceased; neither he nor his estate was ever served with process as to any iteration of Plaintiffs' pleading, and his estate was never substituted as a party. Neither Defendant Peter Ireland nor Defendant Lisa Ireland was served with process. No answer or entry of appearance was ever filed on behalf of any individual Defendant.

By order issued October 11, 2022, the court granted Plaintiffs' Motion for Rule 37 Sanctions (ECF Nos. 45 and 57), and erroneously ordered that judgment by default be entered "in

favor of Plaintiffs and against **Defendants**" as a Rule 37 sanction.  By order issued on even date herewith, in accordance with Federal Rule of Civil Procedure 60(a), the court has corrected this error by vacating the judgments by default against Defendants Garrett Million, Peter Ireland and Lisa Ireland.  The judgment against Defendant PP&G, Inc., remains undisturbed and intact.

Plaintiffs' response to Defendant's objection to Judge Hurson's Report and Recommendation asserts that Defendant's objection fails because it lacks specificity, does not take issue with any of Judge Hurson's findings, and generally asserts that Defendants waited too long to "claim they were not properly before the Court . . . ." (ECF No. 72 at 3.)[1]  Plaintiffs are correct that Defendant raises no objection as to any substantive factual finding or legal analysis or conclusion of Judge Hurson, and the court accepts them wholesale as correct and well-reasoned. Plaintiffs' position, however, that the court should disregard Defendant's objection to an award of damages against individual defendants who were never served and never participated in this action as parties is misplaced.  Counsel for PP&G, Inc., never entered an appearance for the individual Defendants; it was not PP&G, Inc.'s responsibility to seek to vacate the order of default judgment at ECF No. 57 as against defendants who were not served.  Rather, the court is at fault for creating the instant confusion; and the court has invoked Rule 60, *sua sponte,* to cure it.

For the reasons set forth above, the court accepts in part and modifies in part Judge Hurson's Report and Recommendation as follows: the court accepts the Recommendation and Report as to all factual findings, legal analysis, and legal conclusions as correct and well-reasoned;

---

[1] Plaintiffs assert that due to the "lack of specificity" of Defendant's objection and that it raises no quarrel with any factual issue, the court should not afford Defendant's objection *de novo* review per Rule 72(b).  The court agrees, but notes that whether reviewed on a *de novo* or clear error/contrary to law basis, the outcome would be the same, as the court will not abide a judgment entered against defendants that is solely the result of the court's oversight, as is the case here.  FED. R. CIV. P. 72(a) and (b.  (ECF No. 72 at 2-3.)

the court modifies the Report and Recommendation to the extend it recommends entry of an award of damages against the individual Defendants. Local Rule 301.5(b); FED. R. CIV. P. 72(a) and (b).

Therefore, it is this 25th day of June 2023:

**ORDERED** that the court accepts in part and modifies in part Judge Hurson's Report and Recommendation (ECF No. 69) as follows: the court accepts the Recommendation and Report as to all factual findings, legal analysis, and legal conclusions as correct and well-reasoned; the court modifies the Report and Recommendation to the extend it recommends entry of an award of damages against the individual Defendants. Local Rule 301.5(b); FED. R. CIV. P. 72(a) and (b); and further it is

**ORDERED** that, default judgment having been entered in favor of Plaintiffs and against Defendant PP&G, Inc. (ECF No. 57), Defendant PP&G, Inc**. SHALL PAY Plaintiffs DAMAGES in the amount of $1,134,364.22**. The total damages award breaks down to the following damages per Plaintiff: (1) $256,925.34 to Plaintiff Butler; (2) $199,091.92 to Plaintiff Leach; (3) $238,206.68 to Plaintiff Jackson; and (4) $365,303.48 to Plaintiff Ray.

/S/

_____
Julie R. Rubin
United States District Judge