IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MARQUITA BUTLER ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. 20-3084-JRR |
| PP&G, INC., | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Before the Court is the Motion for Attorney's Fees and Costs filed by Plaintiffs Marquita Butler, Nicole Leach, Shante Jackson, Dorothy Ray, and Shantelle Niang (collectively "Plaintiffs"). ECF 78. Defendant PP&G, Inc., d/b/a Norma Jean's Nite Club ("PP&G" or "Defendant") did not file any response. At the Court's direction, Plaintiffs supplemented the motion with detailed timekeeping records. ECF 80. The Court has reviewed the motion and its attachments, including the memorandum in support (ECF 78-1), the declaration of attorney David W. Hodges (ECF 78-2), the table of Plaintiffs' reimbursable costs associated with the litigation (ECF 78-3), and the supplemental timekeeping records (ECF 80). *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Plaintiffs' motion is **GRANTED** in part and **DENIED** in part.

I.   **BACKGROUND**

This case involves claims brought under the Fair Labor Standards Act ("FLSA"), the Maryland Wage Payment and Collection Act ("MWPCL"), and the Maryland Wage and Hour Law ("MWHL") against PP&G for wages owed (including reimbursement of fees paid) when Plaintiffs

worked at Norma Jean's Nite Club as exotic dancers.[1]  *See* ECF 29 (second amended complaint). On October 11, 2022, I entered default judgment against PP&G[2] and struck Defendants' responsive pleadings.  ECF 57.  I then referred this case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 for the purpose making recommendations concerning damages.  ECF 59.  On December 19, 2022, this case was reassigned to Magistrate Judge Hurson.  On February 23, 2023, Judge Hurson held an evidentiary hearing at which the five plaintiffs testified and swore to declarations that had been previously submitted. ECF 67.  PP&G did not offer any evidence to rebut Plaintiffs' claims for damages.  On May 22, 2023, Judge Hurson entered a report and recommendation ("R&R"), recommending that $1,134,364.22 be awarded to Plaintiffs in damages.  PP&G objected to the R&R only insofar as it recommended awarding damages to Plaintiffs against any of the individual defendants who had not been served with process.  ECF 69.  On June 25, 2023, I accepted the R&R in part, adopting the factual findings, legal analysis, and legal conclusions, but modifying the R&R to enter default judgment and damages only against Defendant PP&G, not the individual defendants.  ECF 75.

At the direction of Judge Hurson, Plaintiffs timely moved for attorneys' fees and costs within fourteen days of my adoption of the Judge Hurson's R&R.  ECF 78.  Plaintiffs seek $108,055.00 in attorneys' fees and $1,579.54 in costs, less any attorneys' fees and costs already paid to Plaintiffs by PP&G.[3]  *Id.* at 1.

---

[1] Plaintiffs also brought suit against individual defendants Garrett M. Million, Peter Ireland, and Lisa Ireland.  *See* ECF 29, at 3–4.  None of the three individual defendants were ever served with process.  *See* ECF 75, at 1.

[2] Default judgment was originally entered against all defendants, including the individual defendants who had not been served.  ECF 57.  The order entering default judgment was later vacated, and default judgment was entered only against PP&G.  ECF 74.

[3] Plaintiffs do not specify the amount that PP&G has already paid in attorneys' fees or costs.

2

## II. DISCUSSION

Prevailing plaintiffs are entitled to recover reasonable attorneys' fees and costs under the FLSA, MWHL, and MWPCL. 29 U.S.C. § 216(b); MD. CODE ANN., LAB. & EMPL. §§ 3-427(d), 3-507.2(b). Indeed, the FLSA *requires* that such fees and costs be paid to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Plaintiffs seek $108,055.00 and $1,579.54 in costs, less any attorneys' fees and costs already paid to Plaintiffs by PP&G. ECF 78, at 1.

### A. Attorneys' Fees

"In determining the proper fee award, the court starts with the 'lodestar' figure, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 787 (D. Md. 2000) (citations omitted). The party seeking attorneys' fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 412 (D. Md. 2014) (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). The rates outlined in Appendix B to this Court's Local Rules are presumptively reasonable. *See id.* (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000)). Other "[e]vidence of the prevailing market rate usually takes the form of affidavits from other counsel attesting to their rates or the prevailing market rate." *CoStar Grp., Inc.*, 106 F. Supp. 2d at 788. "[T]he community in which the court sits is the first place to look to in evaluating the prevailing market rate." *Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir.

3

2008) (alteration in *Grissom*) (quoting *Rum Creek Coal Sales, Inc. v. Caperton,* 31 F.3d 169, 179 (4th Cir. 1994)).

The Court "appl[ies] the *Johnson/Barber* factors when making its lodestar determination." *Id.* at 320–21 (citing *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 (4th Cir. 1978); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974), *overruled on other grounds, Blanchard v. Bergeron,* 489 U.S. 87 (1989)). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber,* 577 F.2d at 226 n.28; *see also Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009).

### 1. Reasonableness of Billing Rates

As noted above, the rates listed in Appendix B are presumptively reasonable. *See Duprey*, 30 F. Supp. 3d at 412; Loc. R. App. B. (D. Md. 2023). Plaintiffs' counsel here has reduced the fees sought to reflect the presumptively reasonable rates outlined in Appendix B. ECF 78-2, at 6–7. As such, I find that Plaintiffs' billing rates are reasonable.

### 2. Reasonableness of Hours Expended

"When considering the total number of hours expended, the Court generally considers factors one, two, and seven" of the *Johnson/Barber* factors. *Spriggs v. Merling*, Civ. No. JMC-20-3395, 2023 WL 1801968, at *2 (D. Md. Feb. 7, 2023). No party here has suggested that there were any time limitations in this case that would impact this analysis under factor seven, so the

Court will focus this analysis on factors one and two, examining "the time and labor expended in light of the novelty and difficulty of the questions presented and the skill required to properly perform the legal services." *Carranza v. Ramirez*, Civ. No. PWG-20-2687, 2022 WL 4080310, at *3 (D. Md. Sept. 6, 2022) (citing *Thompson v. U.S. Dep't of Hous. & Urb. Dev.*, No. CIV.A. MGJ-95-309, 2002 WL 31777631, at *6 (D. Md. Nov. 21, 2022)). Plaintiff submits that several individuals contributed to this case, with the bulk of the hours stemming from the work of attorney William Hogg and additional unnamed, more junior, "other associates." *See* ECF 78-2, at 6; *see also* ECF 80-1, at 3. The full breakdown of hours expended as submitted by Plaintiff is as follows:

| Timekeeper | Hours Performed |
|---|---:|
| David Hodges, Esq. | 24.6 |
| William Hogg, Esq. | 107.5 |
| Jerry Mason, Esq. | 48.8 |
| Other Associates | 123.2 |
| Paralegals | 36.2 |
| Law Clerks | 48.7 |
| Legal Assistants | 12.1 |
| **Total:** | **401.1 hours** |

ECF 78-2, at 6; ECF 80-1, at 3.

"Although the standard violations of wage and hour claims usually involve straightforward issues concerning an employer's failure to pay an employee sufficiently or timely, a case can also have unique issues that arise out of the circumstances surrounding the controversy." *Matias Guerra v. Teixeira*, Civ. No. TDC-16-0618, 2019 WL 3927323, at *7 (D. Md. Aug. 20, 2019). Here, the case presented no uniquely complex or novel issues, and Plaintiff's counsel provided a detailed breakdown of the hours they spent on substantive legal work.[4] *See* ECF 80-1, at 4–26.

---

[4] Though Plaintiff's counsel provided detailed notes of what work was performed during each timekeeping entry, they failed to categorize each entry by litigation phase as required by the Local Rules. *See* Loc. R. App. B. (D. Md. 2023). In future cases, counsel must provide the appropriate categorizations.

The Court finds that the hours expended by Plaintiff's counsel were broadly reasonable with a few exceptions, explained below.

In addition to considering the *Johnson/Barber* factors listed above, the Court must evaluate the reported hours expended according to the Local Rules. Loc. R. App. B. (D. Md. 2023). The Local Rules contemplate the awarding of attorneys' fees only for work performed by lawyers, paralegals, and law clerks, not for work performed by administrative staff such as legal assistants. *See id.* Though the work of administrative staff may nevertheless be recognized in an attorneys' fees calculation "so long as the work performed is not 'purely clerical,'" this exception does not apply here. *Ramirez v. 316 Charles, LLC*, Civ. No. SAG-19-03252, 2021 WL 662185, at *5 (D. Md. Feb. 19, 2021). All of work recorded by legal assistants in Plaintiff's counsel's billing entries is purely administrative in nature, such as paying invoices, monitoring case expenses, and sending correspondence. ECF 80-1, at 4–26; *see also Ramirez*, 2021 WL 662185, at *3 (finding that mailing documents was clerical in nature); *Castillo Pacheco v. Mezeh-St. Mary's LLC*, No. CV TDC-21-2521, 2023 WL 5411071, at *4 (D. Md. Aug. 22, 2023) (finding that arranging witness fee checks was clerical in nature). As such, the time entries corresponding to work completed by a legal assistant must be discounted.

In fact, fees for time spent on purely administrative work, regardless of who performs that work, are not recoverable. *Pfieffer v. Schmidt Baking Co.*, Civ. No. CCB-11-3307, 2014 WL 1291814, at*4 (D. Md. Mar. 28, 2014). Accordingly, any time spent by attorneys, paralegals, or law clerks on clerical tasks such as uploading files to databases or emailing documents must also be discounted. *See* ECF 80-1, at 4–26; *see also Spriggs*, 2023 WL 1801968, at *4 (finding that sending documents for review was clerical in nature); *Pfieffer*, 2014 WL 1291814, at *4 (finding that uploading documents was clerical in nature). "If a time entry contains both substantive and

clerical work, the Court will reduce the billed hours by .10." *Spriggs*, 2023 WL 1801968, at *4. With these adjustments, the breakdown of Plaintiff's counsel's hours is as follows:

| Timekeeper | Hours Performed |
|---|---:|
| David Hodges, Esq. | 24.6 |
| William Hogg, Esq. | 107.5 |
| Jerry Mason, Esq. | 48.7 |
| Other Associates | 121.5 |
| Paralegals | 20.2 |
| Law Clerks | 48.2 |
| Legal Assistants | 0 |
| **Total:** | **370.7 hours** |

The Court therefore determines that Plaintiff's counsel reasonably billed for a total of 370.7 hours.

### 3. Attorneys' Fee Lodestar Calculation

Having determined that Plaintiff's counsel's billing rates are reasonable and determined a reasonable number of hours expended, the Court calculates the lodestar amount as follows:

| | Hours Performed | | Hourly Rate | | Total Billed Amount |
|---|---|---|---|---|---:|
| **David Hodges, Esq.** | 24.6 hours | X | $475/hour | = | $11,685.00 |
| **William Hogg, Esq.** | 107.5 hours | X | $350/hour | = | $37,625.00 |
| **Jerry Mason, Esq.** | 48.7 hours | X | $350/hour | = | $17,045.00 |
| **Other Associates** | 121.5 hours | X | $225/hour | = | $27,337.50 |
| **Paralegals** | 20.2 hours | X | $150/hour | = | $3,030.00 |
| **Law Clerks** | 48.2 hours | X | $150/hour | = | $7,230.00 |
| **Total:** | | | | | **$103,952.50** |

The final lodestar amount is $103,952.50. Plaintiffs were successful in all of their claims, winning an award equal to the full amount sought, and the lodestar amount represents less than 10% of the amount of the award. ECF 78-1, at 1, 3. As such, no reduction to the lodestar amount is warranted. *See Randolph v. PowerComm Constr., Inc.*, 780 F. App'x 16, 23 (4th Cir. 2019) (holding that courts must "compare the amount of damages sought to the amount awarded") (citing *Mercer v. Duke Univ.*, 401 F.3d 199, 204 (4th Cir. 2005)); *McAfee v. Boczar*, 738 F.3d 81,

87 (4th Cir. 2013) ("[T]he court must 'subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'") (quoting *Robinson*, 560 F.3d at 244).

### B. Costs

In FLSA cases, the Court has discretion to determine which costs are reimbursed. *Roy v. County of Lexington*, 141 F.3d 533, 549 (4th Cir. 1998). "Examples of types of costs that have been charged to losing defendants include necessary travel, depositions and transcripts, computer research, postage, court costs, and photocopying." *Almendarez v. J.T.T. Enters. Corp.*, No. JKS-06-68, 2010 WL 3385362, at *7 (D. Md. Aug. 25, 2010) (citing *Vaughns v. Bd. of Educ. of Prince George's Cty.*, 598 F. Supp. 1262, 1289–90 (D. Md. 1984)). Plaintiffs seek reimbursement related to mail, service of process, filing fees, attorney admission costs, research, and transcripts. *See* ECF 78-3, at 2. All of these costs are reimbursable to the prevailing plaintiffs. As such, the Court awards Plaintiffs $1,579.54 in costs to be paid by PP&G.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Attorneys' Fees and Costs, ECF 78, is GRANTED in part and DENIED in part. A separate implementing order follows.

Dated: October 5, 2023

/s/
Julie R. Rubin
United States District Court Judge