IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARQUITA BUTLER, et al.,** | * | |
| *Plaintiffs,* | * | |
| v. | * | **Case No. 1:20-cv-03084-JRR** |
| **PP&G Inc.,** | * | |
| *Defendant.* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

United States District Judge Julie R. Rubin referred the above matter to the undersigned on February 21, 2024, to resolve Plaintiffs' Motion for Post-Judgment Discovery (ECF No. 87). (ECF No. 90).[1] Specifically, Plaintiffs seek a Court order requiring Defendant's, PP&G Inc., authorized representative to appear for an oral examination with certain documents to facilitate enforcement of the $1,239,896.26 judgment entered against Defendant on December 21, 2023. (ECF No. 84).[2] Defendant has not filed an opposition to the motion and the time to do so has passed. *See* Loc. R. 105.2 (D. Md. 2023). For the reasons briefly explained below, Plaintiffs' motion is granted.

This Court has the authority to compel judgment debtors, such as Defendant, to appear for oral examinations to aid enforcement of a money judgment pursuant to Federal Rule of Civil Procedure 69(a)(2) and its state counterpart, Maryland Rule 2-633. *See 2023 B.R. Holdings, LLC v. Williams*, No. CV GLS 17-320, 2021 WL 1785137, at \*2 (D. Md. May 5, 2021). Federal Rule

---

[1] *See* Loc. R. 301.6(aj) (D. Md. 2023) (providing that U.S. Magistrate Judges may be designated under 28 U.S.C. § 636(a), (g), to "order[] and conduct[] supplementary proceedings in accordance with Md. R. Proc. 2-633, upon the filing of an appropriate affidavit").

[2] Specifically, Judge Rubin previously entered judgment in favor of the Plaintiffs collectively in the amount of $1,134,364.22 as well as attorney fees and costs totaling $105,532.04. (ECF No. 84).

1

69(a)(2) provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Maryland Rule 2-633(b) further provides that "on request of a judgment creditor, filed no earlier than 30 days after the entry of a money judgment, the court where the judgment was entered or recorded shall issue an order requiring the appearance for examination under oath before a judge or examiner of (1) the judgment debtor, or (2) any other person who may have property of the judgment debtor, be indebted for a sum certain to the judgment debtor, or have knowledge of any concealment, fraudulent transfer, or withholding of any asserts belonging to the judgment debtor." This Court may also require a judgment debtor to produce relevant documents when appearing for such an oral examination in aid of judgment enforcement. *See generally, e.g.*, *Braxton v. Eldorado Lounge, Inc.*, No. CV BPG-15-3661, 2019 WL 2341629 (D. Md. June 3, 2019) (ordering at ECF No. 286 that defendant appear for examination pursuant to FRCP 69 and Maryland Rule 2-633 with various records).

Here, more than 30 days have passed since the Court entered a money judgment in favor of Plaintiffs against Defendant. *See* (ECF No. 84). Plaintiffs further indicate in their motion and accompanying affidavit that they have been unsuccessful in enforcing the judgment against Defendant thus far. (ECF No. 87; ECF No. 87-3). Plaintiffs also identify numerous records purportedly in Defendant's possession that would aid with the examination given Plaintiffs' prior unsuccessful attempts to enforce its judgment against Defendant. Both the information that Plaintiffs ask Defendant's authorized representative to be familiar with and the documents identified to aid with the oral examination are discoverable and relevant to the issue of identifying Defendant's assets in furtherance of executing the judgment. Further noting Defendant's lack of

2

opposition thereto, Plaintiffs' motion (ECF No. 87) is granted. Accordingly, it is hereby ORDERED that:

1. Defendant, through its duly authorized representative, shall appear for oral examination, under oath, by Plaintiffs' counsel, on March 15, 2024, at 10:00am, remotely or in-person at the offices of Melehy & Associates LLC, 8403 Colesville Road, Suite 610, Silver Spring, Maryland;

2. Defendant's designated representative shall have knowledge of, but not limited to, the following topics at the oral examination: Defendant's assets; the location(s) of Defendant's bank account(s); Defendant's bookkeeping and accounting practices; Defendant's expenses and location funds used to pay expenses; the terms and conditions of Defendant's lease agreement with its landlord; transfers of property or money by Defendant for any purpose within the last five years; the identities of any person or entity having any ownership interest in Defendant in the last 5 years; Defendant's gross income for the last five years; loans or applications for credit taken out or applied for by Defendant or any person on its behalf; the amount of money paid by Defendant to its legal counsel in this matter and the identity of the payor, if not Defendant; Defendant's accounts payable; and how Defendant tracks its cash receipts and where the cash is deposited; and

3. Defendant's designated representative shall bring with them the following documents to the oral examination, to the extent that such documents are available:

    a. Current business creditor report(s) for Defendant;

    b. Copies of Defendant's filed federal and state income returns for the last three years in which Defendant filed taxes;

    c. Copies of all 1099-DIV forms issued by Defendant to shareholders for the

following tax years: 2018, 2019, 2020, 2021, 2022, and 2023;

d. Defendant's profit and loss statements for the last five full calendar years and for the period year-to-date;

e. Year-to-date profit and loss statements for any other business(es) in which Defendant has an interest;

f. Documents, including corporate formation documents, for Defendant and any other business(es) in which Defendant has an interest. The document(s) should identify the corporate structure of the entity and Defendant's respective position(s) and role(s) in the organization;

g. Defendant's year-to-date balance sheet;

h. Year-to-date balance sheet(s) for all other businesses in which Defendant has an interest;

i. Current mortgage balance statement(s) for each parcel of real property owned by Defendant and corresponding copies of any deed(s) of trust;

j. Documents related to any property Defendant has transferred, bought, sold, or leased in the last five years, the estimated value of which exceeds $500.00;

k. Copies of all invoices for attorneys' fees Defendant has received from their current and former counsel in connection with this matter;

l. Copies of the retainer agreement(s) between Defendant and their current and former counsel for representation in this matter;

m. Copies of documents which show the total amount of money paid by Defendant for legal representation in this matter since the case began;

n. Copies of all applications for Paycheck Protection Loans, or any other form of

4

      financial assistance or relief due to COVID, sought or obtained by Defendant;

  o. Copies of Defendant's current lease agreement;

  p. Copies of checks or other documents showing the source of Defendant's lease payments;

  q. Copies of Defendant's bank statements for all financial accounts titled in Defendant's name, either solely in its name or held jointly with any other person or entity; and

  r. Defendant's Articles of Incorporation, Bylaws, or any other documents sufficient to identify all present shareholders, investors, or owners of Defendant.

Pursuant to Maryland Rule 2-633(b)(2), failure to appear may result in (i) the issuance of a body attachment directing a law enforcement officer to take the person served into custody and bring that person before the Court and (ii) the person served being held in contempt of court.

Date: February 27, 2024                                /s/
                                                               J. Mark Coulson
                                                               United States Magistrate Judge